UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUEEL MIXON,

    Plaintiff,

v.

STERLING JEWELERS, INC.[1],

    Defendant.
_____/

Case No. 20-cv-10613

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#2]**

On January 31, 2020, Plaintiff Aqueel Mixon filed a one-page Complaint against Defendant Sterling Jewelers, Inc. ("Sterling") in the small claims division of the 18th Judicial District of Michigan. *See* ECF No. 1-2, PageID.8. Defendant removed the action to this Court on March 6, 2020. *See* ECF No. 1. The entire factual and legal basis of Plaintiff's case is listed on his state court Complaint as follows:

> The reasons for the claim are: FCRA, FDCPA violation, emotional distress, willful neglect, damages to credit report. Failure to respond and validate alleged debt. Failure to respond to debt validation letter by June 13, 2019. Failure to remove from credit report.

---

[1] It appears there was confusion about Defendant's proper name during the state court filings. Defendant clarifies that its name is "Sterling Jewelers, Inc." and not "Sterling Family Jewelers." *See* ECF No. 2, PageID.18 n.1. The Court will accordingly refer to Defendant as "Sterling Jewelers, Inc." or "Sterling."

1

ECF No. 1-2, PageID.8.  The Complaint is otherwise devoid of any detail about the dispute, why Plaintiff is seeking damages against this Defendant, or anything about the nature of the claims asserted.  The only additional information available is the Fee Waiver Request submitted by Plaintiff in state court, which provides that he received Supplemental Security Income through the federal government and thus sought a fee waiver.  *See* ECF No. 1-2, PageID.10.

Presently before the Court is Defendant's Motion to Dismiss, filed on March 13, 2020.  ECF No. 2.  On May 13, 2020, this Court directed Plaintiff to file a response to Defendant's Motion no later than May 22, 2020 and specified that failure to file a response could result in the dismissal of Plaintiff's Complaint.  As of the date of this Order, Plaintiff has not responded to Defendant's Motion or otherwise acted in his case.

Upon review of Defendant's Motion and Plaintiff's failure to respond, the Court concludes that oral argument will not aid in the disposition of this matter.  Therefore, the Court will resolve the instant motion on the brief.  *See* E.D. Mich. L.R. § 7.1(f)(2).  For the reasons discussed below, the Court will GRANT Defendant's Motion [#2] and dismiss this case.

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Rule 8(a)(2) requires "a short

and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

Further, when a plaintiff fails to file a response to a motion to dismiss, his claims may be deemed abandoned. *Williams v. Chase Bank*, No. 15-10565, 2015 WL 4600067, at *3 (E.D. Mich. July 29, 2015) (citing *Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, *1–2 (E.D. Mich. 2014)). A plaintiff's failure to respond "means that the Court could simply grant the motion as unopposed." *Id*. (citing *Wheeler v. Long Beach Mortg. Co.*, 2015 WL 1637619, *2 (E.D. Mich. 2015)). Additionally, while *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Here, the Court finds that Plaintiff's allegations, as they are currently written, are inadequate under Supreme Court and this Circuit's precedent to withstand

3

Defendant's dismissal motion. Indeed, the law requires that Sterling be given adequate notice of Plaintiff's claims, which occurs when the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's state court Complaint "tenders naked assertion[s] devoid of further factual enhancement." *Id*. As explained above, Plaintiff's Complaint does not identify any specific provisions within the Fair Credit Reporting Act or the Fair Debt Collection Practices Act that are applicable to his case, nor are the allegations against Defendant adequately pled. Indeed, as Defendant notes, "there is no allegation Sterling ever attempted to collect on a debt." ECF No. 2, PageID.37.

The Complaint, and subsequent failure to respond to the instant Motion or this Court's directives, thus does not provide the requisite specificity for the present matter to proceed. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a . . . factual controversy to proceed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citation omitted). In order for Plaintiff to give Sterling "fair notice" of what the claims are and the grounds upon which they rest, *Twombly*, 550 U.S. at 555, Plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint fails to do so here, and it is inappropriate for this Court to speculate as to the factual basis for Plaintiff's claims

4

in the absence of any factual development. *See, e.g., Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 787 (6th Cir. 2007) (dismissing a claim "because there is a complete absence of factual allegations to support" it.).

Further, Plaintiff has not acted in this case for over a year since it was removed to this Court. Plaintiff's extensive failure to respond to Defendant's Motion or this Court's response deadlines demonstrates that Plaintiff has effectively abandoned his claims. *See Mekani v. Homecomings Fin.*, LLC, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (finding that where a plaintiff does not respond to a motion to dismiss a claim, "the Court assumes he concedes this point and abandons the claim . . . [a]ccordingly, Defendant is entitled to have the claim dismissed because it has filed a responsive pleading and Plaintiff has failed to dispute the arguments or otherwise prosecute the claim.") (citing FED. R. CIV. P. 41). The same is true in the instant matter.

Accordingly, upon review of Defendant's Motion and Plaintiff's failures to respond, the Court finds that Plaintiff has not stated plausible claims to relief that meet "basic pleading essentials," thus necessitating dismissal. *Wells*, 891 F.2d at 594; *see also Twombly*, 550 U.S. at 570. The Court therefore **GRANTS** Defendant's Motion to Dismiss [#2]. Plaintiff's case is **DISMISSED**.

**IT IS SO ORDERED.**

          s/Gershwin A. Drain
          GERSHWIN A. DRAIN
          UNITED STATES DISTRICT JUDGE

Dated: March 11, 2021

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 11, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager